**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**
_____

No. 95-20238
_____


UNITED STATES OF AMERICA,

Plaintiff-Apellee,

VERSUS


GERALD FRANCIS MCKNIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(CR-H-90-129)
_____

December 19, 1995

Before Politz, Chief Judge, Davis and Benavides, Circuit Judges

PER CURIAM:[1]

McKnight appeals the district court's refusal to reduce his term of imprisonment under 18 U.S.C. § 3582(c)(2).  We affirm.


I.

McKnight was convicted of being a felon in possession of a firearm (Count 1) and of carrying and using a deadly weapon in relation to a drug offense (Count 2).  His sentence was 210 months for Count 1 under the United States Sentencing Guidelines and the statutory minimum, 60 months under Count 2.  In sentencing McKnight

---

[1]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

for Count 1, the court used the 3,666.44 milliliters of metamphetamine solution to arrive at his base offense level of 34.

Since McKnight was sentenced, the sentencing guidelines have been amended to exclude "materials that must be separated from the controlled substance before the controlled substance can be used." U.S.S.G. App. C, amend. 484 (Nov. 1994). The metamphetamine possessed by McKnight was dissolved in waste water and was only one percent of the solution. As a result, the level of metamphetamine for which he can be sentenced is now only one percent of the amount for which he was actually sentenced. Therefore, McKnight contends, his sentence for Count 1 should be reduced at least to the statutory minimum of 180 months to reflect the new method of calculating the amount of metamphetamine in his possession. The district court refused to reduce McKnight's sentence.

## II.

This court reviews the district court's ruling on a § 3582 (c)(2) motion for abuse of discretion. United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994). The district court sentenced McKnight under the guidelines for being a felon in possession of a firearm in § 2K2.1 but could have sentenced McKnight as a career criminal under § 4B1.4 to the same or an even higher sentence. See U.S.S.G. §§ 2k2.1, 4B1.4 (Nov. 1990).[2] Because McKnight could have received

---

[2] McKnight was sentenced to 210 months under the guidelines for sentencing a felon in possession of a firearm. The court could have sentenced McKnight under § 4B1.4 of the guidelines, in which case, McKnight's offense level would have been at least 34 and his criminal history category would have been at least IV. See U.S.S.G. § 4B1.4(b)(3)(A), § 4B1.4(c)(3). With this offense level and criminal history, 210 months is the

2

the same sentence he is now serving even if the court had used the new method of calculating the amount of metamphetamine, the district court did not abuse its discretion when it refused to reduce McKnight's sentence.

AFFIRMED

---

very least that the district court could have sentenced McKnight without making a downward departure.